| | | |
|---|---|---|
| JONATHAN L. CODY, II, | § § § | IN THE COURT OF COMMON PLEAS DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff, | § | |
| v. | § § § | NO.   2024 - CV- 00092 |
| MARC S. HOWELL, STEPHEN MARTE, EVEN MCKENNA, AUSTIN SNYDER, BRANDON BRAUGHLER, and the CITY OF HARRISBURG, | § § § § § § § § | CIVIL ACTION - LAW |
| Defendants. | § § | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights importation to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE AN LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

| | | |
|---|---|---|
| JONATHAN L. CODY, II, | § § § | IN THE COURT OF COMMON PLEAS DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff, | § | |
| v. | § § | NO.   2024 - CV- 00092 |
| MARC S. HOWELL, STEPHEN MARTE, EVEN MCKENNA, AUSTIN SNYDER, BRANDON BRAUGHLER, and the CITY OF HARRISBURG, | § § § § § § § | CIVIL ACTION - LAW |
| Defendants. | § § | |

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya.  Se le advierte que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA.  ESTA OFICINA PUEDE PROVEERLE INFORMACION ACERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CALIFICAN.

DAUPHIN COUNTY LAWYER REFERRAL SERVICES
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

LAGUNA & ASSOCIATES, PLLC
1119 North Front Street, Harrisburg, PA 17102
Tel.: (717) 233-5292 / Fax: (717) 233-5394
LagunaDirect@Gmail.Com
Attorney for Plaintiff

| | | |
|---|---|---|
| JONATHAN L. CODY, II, | § § § | IN THE COURT OF COMMON PLEAS DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff, | § | |
| v. | § § | NO.   2024 - CV- 00092 |
| MARC S. HOWELL, STEPHEN MARTE, EVEN MCKENNA, AUSTIN SNYDER, BRANDON BRAUGHLER, and the CITY OF HARRISBURG, | § § § § § § § | CIVIL ACTION - LAW |
| Defendants. | § § | |

## COMPLAINT

AND NOW comes Plaintiff, Jonathan L. Cody, II, by and through his counsel Laguna & Associates, PLLC, who avers as follows:

### The Parties

1.  Plaintiff, Jonathan L. Cody, II (hereinafter "Plaintiff") is an adult individual

who resides at 130 Locust St., Apt. 8, Harrisburg, Harrisburg, Dauphin County, Pennsylvania 17101.

2. Defendant Marc S. Howell (hereinafter "Defendant Howell"), is an adult individual who, at all times pertinent to this Complaint, was employed as a police officer by the City of Harrisburg, at 123 Walnut St. #217, Harrisburg, PA 17101.

3. Defendant Stephen Marte (hereinafter "Defendant Marte"), is an adult individual who, at all times pertinent to this Complaint, was employed as a police officer by the City of Harrisburg, at 123 Walnut St. #217, Harrisburg, PA 17101.

4. Defendant Even McKenna (hereinafter "Defendant McKenna"), is an adult individual who, at all times pertinent to this Complaint, was employed as a police officer by the City of Harrisburg, at 123 Walnut St. #217, Harrisburg, PA 17101.

5. Defendant Austin Snyder (hereinafter "Defendant Snyder"), is an adult individual who, at all times pertinent to this Complaint, was employed as a police officer by the City of Harrisburg, at 123 Walnut St. #217, Harrisburg, PA 17101.

6. Defendant Brandon Braughler (hereinafter "Defendant Braughler"), is an adult individual who, at all times pertinent to this Complaint, was

employed as a police officer by the City of Harrisburg, at 123 Walnut St. #217, Harrisburg, PA 17101.

7. Defendant, Harrisburg City, is a municipality located in Dauphin County, Pennsylvania, at 123 Walnut St. #217, Harrisburg, PA 17101; it which operates, supervises and controls the Harrisburg City Police Department.

## FACTUAL BACKGROUND

8. Previous paragraphs are incorporated hereunder by reference as if fully set forth.

9. On February 6, 2022, Defendant Howell operated a motor vehicle while on duty for the Harrisburg Police Department and unexpectedly turned into a pedestrian crosswalk which was being used by Plaintiff; this caused the Plaintiff to strike the vehicle.

10. Plaintiff initiated a complaint against the police car's driver, Defendant Howell, and explained that he had caused Plaintiff to physically strike the police car to prevent himself from being run over in a well marked and legally protected pedestrian lane.

11. Defendant Howell became defensive and ordered the Plaintiff to get away from the crosswalk and remain on a sidewalk nearby. Video recording of the incident demonstrates that the Plaintiff complied with Defendant

Howell by waiting patiently and politely as ordered.

12. A second officer arrived and engaged the Plaintiff in talk; again he politely explained to the second officer that Defendant Howell had almost run him over while he was in the pedestrian crosswalk. Everyone appeared relatively cordial at this point and the Plaintiff waited for a supervisor to arrive to take his complaint about Defendant Howell's driving.

13. Additional officers arrived one by one and discussed the incident among themselves while Plaintiff waited for a supervisor to arrive.

14. Plaintiff alleges that as the officers continued to arrive and speak with Defendant Howell to inquire about the incident, that Defendant Howell began falsely claiming that Plaintiff had deliberately hit his police car with something as it just happened to pass by Plaintiff on the street.

15. Plaintiff alleges that he continued to politely explain to the newly arriving officers that he had caused no trouble and that the truth was that Defendant Howell almost hit him in the pedestrian crosswalk while turning the corner into the alley.

16. Plaintiff states that he stood alone peacefully while Defendants seemed to form an alliance and discuss the incident, and then openly mocked Plaintiff's perceived sexual orientation by, among other things, overly emphasizing and repeating how Plaintiff enunciated certain words in an

exaggerated and stereo typically "gay" manner; they made much of referring to Plaintiff's carry case as a female type of "purse", and they made a point acting sarcastically amongst each other about whether Plaintiff was a "he" and "she".

17. Plaintiff allegedly stated that he was blameless and insisted that the police take his complaint about Defendant Howell seriously. At that point, Defendant Howell allegedly seemed to lose his composure and shouted for the other officers to arrest the Plaintiff.

18. Plaintiff alleges that this arrest was ordered at this point and agreed to by the other officers as part of a conspiracy to stifle Plaintiff's complaint about Defendant Howell's driving and conceal that he was a complainant since a police supervisor was en route to investigate the incident.

19. In furtherance of this conspiracy, Defendant Howell and the other officers, including Defendants Marte, Mckenna, Snyder, and Braughler essentially piled on piled-on the Plaintiff with great physical force and controlled violence.

20. Some of the officers proceeded to strike, knee, elbow and slam Plaintiff into a rock wall; then they inflicted great pain by forcing his hands/arms (which were already handcuffed behind his back) to be pushed far past the normal range of motion toward his head so that it caused excruciating

pain and made it impossible to walk normally. Then, Plaintiff's feet were shackled with steel leg irons and he was practically dragged to a police car and placed in the back of it.

21. Plaintiff's personal belongings were unlawfully seized by Defendants and thoroughly searched despite the fact that police had no reason to believe said belongings contained any contraband or fruit of any crime. Plaintiff believes and therefore avers that police were looking for any contraband that might serve as a pretext for their unlawful arrest and mistreatment of him.

22. Once the Plaintiff was confined in the police car (legs shackled and hands cuffed behind his back) Defendants cooperated with one another to deliberately aim and spray a chemical agent/irritant directly into the Plaintiff's eyes, from too close of a distance, so that Plaintiff would be too incapacitated to continue complaining about Defendant Howell's driving into the cross-walk, etc, once a supervisor arrived on scene.

23. When another police officer arrived with the transport van she approached with a bottle of water in order to administer first aid as a matter of course, and because Plaintiff was begging for help with his eyes. However, the said officer was prevented by the named Defendants from reaching the Plaintiff and/or administering first aid.

24. The Defendants then caused Plaintiff to be unlawfully transported against his will and confined in a jail cell until the following morning despite his repeated requests for first aid and medical care. Despite Plaintiff's constant complaints about being injured and needing first aid when he was placed in a jail cell, he received none.

25. On the following day, Plaintiff was taken out of the jail in a wheel chair.

26. Plaintiff was wheeled off of the jail facility premises and essentially abandoned there.

27. Plaintiff was able to telephone for an ambulance himself and was transported to a hospital where he received treatment for injuries inflicted by the named Defendants which included but were not limited to conjunctivitis, corneal abrasion and arthralgia.

28. Upon information and belief, for a period from approximately February 6, 2022 (when Plaintiff was arrested and injured) until about June 15, 2023 (when charges were dismissed), the Defendants, while acting under color of law, willfully combined, conspired and agreed with each other and others to threaten, intimidate and injure the Plaintiff in order to prevent him from freely exercising and enjoying his rights and privileges secured under the constitutions and laws of the Commonwealth of Pennsylvania, and the United States of America; namely the right to be free from

unreasonable searches and seizures, the right to be free from the use of unreasonable force by a law enforcement officer, and the right to reputation and due process of law.

29. Defendant Howell filed various criminal charges against Plaintiff which had no basis in fact or law under the circumstances and those charges were later dismissed by the Dauphin County Court of Common Pleas.

30. Plaintiff seeks general damages for violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and Article I Section 8 of the Pennsylvania Constitution against all Defendants.

31. Plaintiff further seeks punitive damages, against Defendants individually which are justified factually and legally because the Defendants acted maliciously and/or wantonly in violating the Plaintiff's federal and state Constitutional rights and intentionally, recklessly and willfully engaged in reprehensible and outrageous conduct that cannot be tolerated by a civilized society.

32. Plaintiff further seeks counsel fees and costs as permitted by statute and common law along with counsel fees spent defending the underlying criminal charge.

## COUNT 1

### Negligent Operation of a Motor Vehicle

*Plaintiff v. Defendant Howell, and City of Harrisburg*

33. The preceding paragraphs are incorporated herein as though fully set forth.

34. On February 6, 2022, as described above, Defendant Howell, operated a motor vehicle negligently when he drove at a high rate of speed and unexpectedly turned without warning others from the main road into a small alley controlled by a pedestrian crosswalk.

35. More specifically, Defendant turned very quickly and unexpectedly from North Third Street into the South Street pedestrian cross walk without giving due regard to the Plaintiff who was a pedestrian entering the well marked crosswalk and giving Plaintiff the right of way to proceed.

36. Defendant Howell caused the Plaintiff's body to strike the vehicle.

37. Plaintiff suffered physical and emotional injury as a direct result and proximate cause of Defendant breaching his duty of care to Plaintiff, a pedestrian at that crosswalk who had the right of way.

38. Defendant Howell was allegedly driving by on his way to assist at another unrelated incident, but he did not have both emergency lights and audible siren in use and Plaintiff had no reasonable warning that Defendant might

not obey the traffic laws which required him to yield to pedestrians since he did not use "audible signal and visual signals..." mandated by 75 Pa.C.S.A. § 3105.

39. Defendant breached his duty of care to the Plaintiff under the circumstances alleged herein. More specifically, he failed to yield to Plaintiff, who was a pedestrian in a crosswalk at the time.

40. The alleged breach was negligence *per se.*

41. This is a negligence claim involving a motor vehicle owned and operated by and for the City of Harrisburg by its police officer while on duty and therefore the City is also a proper defendant to this Count 1.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in his favor including compensatory damages, in an amount exceeding that which requires mandatory arbitration, and against all Defendants, jointly and severally, and to grant such other relief, including but not limited to attorney fees, as this Honorable Court deems appropriate.

## COUNT 2

### Unreasonable and Excessive Force
(42 U.S.C. § 1983)

*Plaintiff v. Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler.*

42. The preceding paragraphs are incorporated herein as though fully set

forth.

43. Defendant Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler's use of force and failure to intervene while each other used unreasonable force, both individually and collectively, as set forth above, constituted an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

44. Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler's actions, both individually and collectively, were objectively unreasonable in light of the facts and circumstances surrounding them.

45. Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler's actions, both individually and collectively, that Plaintiff did not pose a threat to them any other member of the public, or himself.

46. Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler's conduct, both individually and collectively, was a deprivation, under color of state law, of rights guaranteed to Plaintiff under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

47. As a result of Defendant Howell, Stephen Marte, Even Mckenna, Austin

Snyder, and Brandon Braughler's violations of Plaintiff's constitutional rights, both individually and collectively, Plaintiff suffered substantial injuries and damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in his favor including compensatory and punitive damages, in an amount exceeding that which requires mandatory arbitration, and against all Defendants, jointly and severally, and to grant such other relief, including but not limited to attorney fees and costs, as this Honorable Court deems appropriate.

## COUNT 3

**Conspiracy - Unreasonable and Excessive Force**
(42 U.S.C. §§ 1983 and 1985)

*Plaintiff v. Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler.*

48. The preceding paragraphs are incorporated herein as though fully set forth.

49. While acting in their positions as police officers for Defendant City of Harrisburg, Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler engaged in a conspiracy to deprive Plaintiff of his constitutional rights by using excessive force on Plaintiff while he was detained, by striking him violently with hands, knees, elbows

and intentionally slamming his body into a rock wall while keeping his hands behind his back so he could not protect himself from the impact; then forcing his hands/arms (which were already handcuffed behind his back) to be pushed far past the normal range of motion toward his head so that it caused excruciating pain and made it impossible to walk normally; then shackling his feet with steel leg irons, dragging him to a police car, and spraying chemical irritant directly into his eyes and denying him first aid even though he was already secured in a police car and compliant.

50. The use of unreasonable force and failure to intervene by Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler, as set forth above, deprived Plaintiff of his civil rights in furtherance of the conspiracy.

51. As a result of the conspiracy and violations of Plaintiff's constitutional rights in furtherance of the conspiracy, as set forth above, Plaintiff suffered substantial injuries and damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in his favor including compensatory and punitive damages, in an amount exceeding that which requires mandatory arbitration, and against all Defendants, jointly and severally, and to grant such other relief, including

but not limited to attorney fees and costs, as this Honorable Court deems appropriate.

## COUNT 4

### Battery

*Plaintiff v. Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler.*

52. The preceding paragraphs are incorporated herein as though fully set forth.

53. Defendant Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler committed the acts described above with the intent to cause a harmful or offensive contact with Plaintiff's body and/or with the intent to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with his body.

54. The actions of Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler directly resulted in harmful and/or offensive contact with Plaintiff's body.

55. As a result of the actions of Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler, Plaintiff suffered substantial injuries and damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in his favor including compensatory and punitive damages, in

an amount exceeding that which requires mandatory arbitration, and against all Defendants, jointly and severally, and to grant such other relief, including but not limited to attorney fees and costs, as this Honorable Court deems appropriate.

## COUNT 5

### Assault

*Plaintiff v. Defendants Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler.*

56. The preceding paragraphs are incorporated herein as though fully set forth.

57. Defendant Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler committed the acts described above with the intent to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with his body.

58. As a result of the actions of Defendant Howell, Stephen Marte, Even Mckenna, Austin Snyder, and Brandon Braughler, Plaintiff suffered substantial injuries and damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in his favor including compensatory and punitive damages, in an amount exceeding that which requires mandatory arbitration, and against

all Defendants, jointly and severally, and to grant such other relief, including but not limited to attorney fees and costs, as this Honorable Court deems appropriate.

Respectfully Submitted:

*Roger R. Laguna*

Roger R. Laguna, Jr, Esquire
Supreme Court I.D. No.: 75900
Attorney for Plaintiff

LAGUNA & ASSOCIATES, PLLC
1119 North Front Street
Harrisburg, PA 17102
(717) 233-5292

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the *Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*Roger R. Laguna*

Roger R. Laguna, Jr., Esquire
Supreme Court I.D. No.: 75900