IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN L. CODY, II,<br>　　　　Plaintiff<br><br>　　v.<br><br>MARC S. HOWELL, STEPHEN MARTE, EVEN MCKENNA, AUSTIN SNYDER, BRANDON BRAUGHLER, and the CITY OF HARRISBURG,<br>　　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION - LAW<br><br>NO.　1:24-cv-00927JPW |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

　　　　　　　　　　　　　　Respectfully submitted by,

　　　　　　　　　　　　　　*/s/ Roger R. Laguna, Jr.*
　　　　　　　　　　　　　　Roger R. Laguna, Jr., Esquire
　　　　　　　　　　　　　　PA Supreme Court I.D. No. 75900

　　　　　　　　　　　　　　LAGUNA KREVSKY ROSEN, PLLC
　　　　　　　　　　　　　　1119 North Front Street
　　　　　　　　　　　　　　Harrisburg, PA 17102
　　　　　　　　　　　　　　(717) 233-5292 (Telephone)
　　　　　　　　　　　　　　(717) 233-5394 (FAX)
　　　　　　　　　　　　　　LKRLAWYERS@Gmail.Com

**AND NOW**, comes the Plaintiff, Jonathan L. Cody, III, by and through his attorneys, Laguna Krevsky Rosen, PLLC, who oppose the Defendants' Motion to Dismiss Plaintiff's Complaint and aver the following:

### I. Plaintiff's Response to Defendants' "Factual and Procedural Background".

1. Admitted that the Writ was filed on January 8, 2024, and that it "stemmed from" an incident which initially occurred on February 6, 2022. Denied that it somehow limited all of the Plaintiff's claims to a single "incident" which initially began on February 6, 2022. The Complaint alleges that Defendants subsequently continued to act in "furtherance of this conspiracy" (Paragraph 19) until about June 15, 2023, when charges against Plaintiff were eventually dismissed. See Paragraph 28.

2. Admitted that the Complaint filed in Dauphin County on May 6, 2024 was against all named Defendants 90 days after the two year anniversary of an incident which began on February 6, 2022; Denied that the Complaint's averments are somehow limited to only those facts which began on February 6, 2022, which was the date of the alleged excessive force used by Defendant, Marc S. Howell.

3. Denied as stated. Admitted that the Writ of Summons apparently preserved the assault/excessive force claim against Defendant Howell, for events which initially began on February 6, 2022. Denied that it was necessary to serve

each Defendant with the Writ to preserve claims against them for their tortuous conduct which has been alleged with particularity in the Complaint to have been ongoing until about June 15, 2023.

4. Denied as stated; the Complaint obviously speaks for itself, and must be read as a whole with each paragraph that is incorporated along with the others. Admitted that Paragraph 9 of the Complaint contains the isolated words plucked out of it and cited by Defendant's Motion.

5. Denied as stated; the Complaint obviously speaks for itself and must be read as a whole with each paragraph that is incorporated along with the others. Admitted that the Complaint explains that during the sequence of events described, the Plaintiff sustained injuries due to excessive force employed during his unlawful arrest. Denied that the Complaint avers those injuries are somehow isolated to February 6, 2022. By way of further response, the Complaint very particularly avers - as a matter of sequence - that the named Defendants first formed an "alliance" at the "incident" February 6, 2022. (Paragraph 16) Then, the Complaint explains with particularity the following sequence where Defendants allegedly acted in "furtherance of this conspiracy" See Paragraph 19. The Complaint particularly explains - as a matter of sequence - that the conspiracy lasted from at least February 6, 2022 until about June 15, 2023, when charges against Plaintiff were eventually

dismissed. See Paragraph 28. As such, the Complaint was timely filed against all Defendants since it was filed prior to June 15, 2025.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

## II. Plaintiff's Response to Defendants' "Legal Standard".

Generally, a motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the Plaintiff's statement of its claim for relief in its complaint. See Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992); Tzeciak v. Allstate Prop. & Cas. Ins., 569 F.Supp.3d 640, 645 (E.D. Mich.2021). The Motion cannot be used to resolve factual issues or the merits of the case. Republican Party, 980 F.2d at 952. A motion to dismiss under FRCP 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that - when accepted as true - are plausible and rise above mere speculation. See Ashcroft v. Iqbal, 556 U.S. 662, 6768 (2009); Bell Atl. Corp.v. Twombly, 550 U.S. 544, 555-56 (2007). Generally, motions to dismiss for failure to state a claim are viewed with disfavor. Collins v. Morgan Stanley Dean Witer, 224 F3d 496 (5th Cir.2000); see O'Connor's Federal Rules Civil Trials 2023, p. 248.

Regarding the statute of limitations: The general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises. Schmidt v. Skolas, 770 F.3d 241, 250 (3d Cir. 2014) citing Haugh v. Allstate Ins. Co., 322 F.3d 227, 231 (3d Cir.2003) (citing Crouse v. Cyclops Indus., 560 Pa. 394, 745 A.2d 606, 611 (2000)). The Plaintiff does not dispute that Pennsylvania's two-year statute of limitations for the excessive force claim applies. "The general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises." Haugh v. Allstate Ins. Co., 322 F.3d 227, 231 (3d Cir.2003) (citing Crouse v. Cyclops Indus., 560 Pa. 394, 745 A.2d 606, 611 (2000)). Schmidt v. Skolas, 770 F.3d 241, 250 (3d Cir. 2014). Again, the Complaint gives Defendants at the conspiracy lasted from at least February 6, 2022 until about June 15, 2023, when charges against Plaintiff were eventually dismissed. See Paragraph 28. As such, the Complaint apparently give Defendants fair notice of its claim and factual allegations that - when accepted as true - that the alleged conspiracy continued until about June 15, 2023. As such, the statute of limitations does not bar such claims.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court DENY Defendant's Rule 12(b)(6) motion(s).

### III. Plaintiff's Response to Defendants' argument that the statute of limitations bars claims against all defendants except Howell.

10. Admitted.

11. Admitted.

12. Denied. As stated above, the Complaint specifically explains that the conspiracy is alleged to have lasted <u>until about June 15, 2023</u>, when charges against Plaintiff were eventually dismissed. See Paragraph 28. As such, the Complaint apparently gives Defendants fair notice of its claim and factual allegations that - when accepted as true - that the alleged conspiracy continued <u>until about June 15, 2023</u>. As such, the statute of limitations does not bar such claims.

13. Denied. The Complaint was timely filed against all Defendants since it was filed prior to the expiration of two years after the alleged conspiracy ended. The statute of limitation will not expire on these claims until June 15, 2025.

14. Denied. The Complaint was timely filed against all Defendants since it was filed prior to the expiration of two years after the alleged conspiracy ended. The statute of limitation will not expire on these claims until June 15, 2025.

15. Denied. The Complaint was timely filed against all Defendants since it was filed prior to the expiration of two years after the alleged conspiracy ended. The statute of limitation will not expire on these claims until June 15, 2025.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court DENY Defendant's Rule 12(b)(6) motion(s).

### IV. Plaintiff's Response to Defendants' argument that qualified immunity bars the claims against all defendants.

16. Denied as stated.  Denied as stated.

17. Denied as stated.

18. Denied as stated. <u>Malley v. Briggs</u>, 475 U.S. 335, 336, 106 S.Ct. 1092, 1094, 89 L.Ed.2d 271 (1986) offers Defendant no protection. The Court explained that a police officer "cannot avoid liability under the rule of qualified immunity" on the grounds that ... is per se objectively reasonable ...The question is whether a reasonably well-trained officer [...] would have known that his affidavit failed to establish probable cause... If such was the case, ... [it was] not objectively reasonable..."

19. Denied as stated. Furthermore, Plaintiff's Complaint avers intentional violations of so called "bright lines" being crossed by the officer who's motive for doing so was essentially to stop the Plaintiff from continuing with his complaint about the officer having driven recklessly and hitting him while he was in a pedestrian crosswalk.

20. Admitted.

21. Denied as stated.

22. Denied.

23. Denied as stated. Plaintiff's Complaint avers that Officer Howell intentionally violated so called "bright lines" to stop the Plaintiff from continuing with his complaint about the officer having driven recklessly and hitting him while he

was in a pedestrian crosswalk. The Defendant's rhetoric about who really hit who in the crosswalk is a jury question.

24. Denied as stated. "Controlled violence" is a description which can be used to have the reader envision a person being deliberately shot in the face. Whether shooting another in the face is "reasonable" or not, is another issue entirely. The Complaint obviously speaks for itself, and must be read as a whole with each paragraph that is incorporated along with the others. Admitted that Paragraph 19 of the Complaint contains those words isolated by Defendants' motion and cited out of context; by doing so, the Defendant apparently misrepresents the averments as a whole.

25. Denied. Defendant apparently misrepresents there is such an admission. Nowhere in the Complaint does Plaintiff use the word reasonable to describe the assault, nor can that reasonably inferred. "Controlled violence" is used in one paragragh of the Complaint to summarize other alleged facts which specifically alleged police intentional and deliberately "proceeded to strike, knee and slam Plaintiff into a rock wall; then they inflicted great pain by forcing his hands/arms (which were already handcuffed behind his back) to be pushed far past the normal range of motion toward his head so that it caused excruciating pain...etc." Paragraph 20. Officers prevented another officer from administering first aid when the Plaintiff begged for it. Paragraph 23.

Defendants' averment that Plaintiff admits this conduct was "reasonable" seems to have violated the duty of candor toward the tribunal with this averment.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court DENY Defendant's Rule 12(b)(6) motion(s).

### V. Plaintiff's Response to Defendants' argument that qualified immunity bars the claims against all defendants.

26. Denied. Defendant apparently misrepresents the black and white text set forth of record in Plaintiff's Complaint. The Defendant seems to have violated the duty of candor toward the tribunal with this averment by toying with semantics which completely ignore the averments contained within the Complaint.

27. Denied. Defendant apparently misrepresents the black and white text set forth of record in Plaintiff's Complaint. The Defendant seems to have violated the duty of candor toward the tribunal with this averment by toying with semantics which completely ignore the averments contained within the Complaint.

28. Denied.

29. Denied.

30. Denied as stated.

31. Denied as stated. The answer is for the jury. However, the Complaint has obviously given Defendants fair notice of its claim and factual allegations since the Defendants are already framing questions to argue why they are not responsible for the vehicle collision with a pedestrian who was lawfully crossing the street in a marked pedestrian crosswalk.

32. Denied. The Complaint speaks for itself.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court DENY Defendant's Rule 12(b)(6) motion(s).

### VI. Plaintiff's Response to Defendants' argument that the conspiracy claim needs to be more specific.

33. Admitted. The Complaint also gives Defendants fair notice of its claim that the conspiracy was ongoing and broadened in scope until about June 15, 2023, to deprive Plaintiff of his constitutional rights during the prosecution of the case until charges were eventually dismissed.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Denied. Defendant apparently misrepresents the black and white text set forth of record in Plaintiff's Complaint and seeks to have the Court improperly ignore the averments contained within the Complaint.

43. Denied. Defendant apparently misrepresents the black and white text set forth of record in Plaintiff's Complaint and seeks to have the Court improperly ignore the averments contained within the Complaint.

44. Defendant apparently misrepresents the black and white text set forth of record in Plaintiff's Complaint and seeks to have the Court improperly ignore the averments contained within the Complaint.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court DENY Defendant's Rule 12(b)(6) motion(s).

Respectfully submitted by,

*/s/ Roger R. Laguna, Jr.*
Roger R. Laguna, Jr., Esquire
PA Supreme Court I.D. No. 75900

LAGUNA KREVSKY ROSEN, PLLC
1119 North Front Street
Harrisburg, PA 17102
(717) 233-5292 (Telephone)
(717) 233-5394 (FAX)
LKRLAWYERS@Gmail.Com

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the *Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

       */s/ Roger R. Laguna, Jr.*
Roger R. Laguna, Jr., Esquire
Supreme Court I.D. No.: 75900

## CERTIFICATE OF NON- CONCURRENCE

As required by Local Rule of Civil Procedure 7.1, the undersigned counsel hereby certifies that he consulted with counsel for the Defendants, Murray Weed, Esquire and was advised that counsel does NOT concur

       */s/ Roger R. Laguna, Jr.*
Roger R. Laguna, Jr., Esquire
Supreme Court I.D. No.: 75900

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN L. CODY, II,** | § | |
| **Plaintiff** | § | **CIVIL ACTION - LAW** |
| | § | |
| **v.** | § | **NO.   1:24-cv-00927JW** |
| | § | |
| **MARC S. HOWELL, STEPHEN** | § | |
| **MARTE, EVEN MCKENNA,** | § | |
| **AUSTIN SNYDER, BRANDON** | § | |
| **BRAUGHLER, and the CITY OF** | § | |
| **HARRISBURG,** | § | |
| **Defendants** | § | |

### ORDER

**AND NOW**, this _____ day of _____, 2024, IT IS HEREBY ORDERED AND DECREED that Defendants' Motion to Dismiss Plaintiff's Complaint is **DENIED**.

BY THE COURT:

_____
J.

**DISTRIBUTION:**
Murray J. Weed, Esquire, mweed@laverylaw.com
Roger R. Laguna, Jr., Esquire, lkrlawyers@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN L. CODY, II, | § | |
|     Plaintiff | § | CIVIL ACTION - LAW |
| | § | |
| v. | § | NO.  1:24-cv-00927JW |
| | § | |
| MARC S. HOWELL, STEPHEN MARTE, EVEN MCKENNA, AUSTIN SNYDER, BRANDON BRAUGHLER, and the CITY OF HARRISBURG, | § | |
|     Defendants | § | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of Plaintiff's Response to Defendants Motion to Dismiss Plaintiff's Complaint e-filed in the above-captioned matter upon Defendants' counsel, via email addressed as follows:

        Murray J. Weed, Esquire
        mweed@laverylaw.com

*July 1, 2024*                                                  */s/ Roger R. Laguna, Jr.*
Date                                                                    Roger R. Laguna, Jr., Esquire